UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO .

MICHAEL HARLEY

    Plaintiff,

vs.

UNITED STATES OF AMERICA

    Defendant.

-------------------------------------------------/

**COMPLAINT FOR DAMAGES UNDER THE FEDERAL TORT CLAIMS ACT**

Plaintiff MICHAEL HARLEY ("HARLEY") by counsel, files his Complaint against the Defendant, United States of America, and states as follows:

**INTRODUCTION**

1. This is an action against the Defendant United States of America under the Federal Tort Claims Act, (28 U.S. C. §2671, *et seq.*) and 28 U.S. C. §1346 (b) (1), for negligence and professional malpractice in connection with medical care provided to Plaintiff Harley by the Department of Veterans Affairs and Miami VA Medical Center.

2. The claims herein are brought against the Defendant pursuant to the federal Tort Claims Act (28 U.S.C. §2671, *et seq.*) and 28 U.S. C. §1346 (b) (1), for money damages as compensation for personal injuries caused by the Defendant's negligence.

3. Plaintiff HARLEY has fully complied wit the provisions of 28 U.S. C. §2675 of

the federal Tort Claims Act. *Standard Form 95 attached as Exhibit 1.*

4. This suit has been timely filed, in that Plaintiff HARLEY timely served notice of his claim on both the Department of Veteran Affairs and the United States Department of Justice less than two years after the incident forming the basis of this suit.

5. Plaintiff HARLEY is now filing this complaint pursuant to 28 U.S. C. § 2401 (b) after receiving the Department of Veterans Affairs' May 26, 2017 Confirmation of Plaintiff HARLEY's claim for damages.

## PARTIES, JURISDICTION AND VENUE

6. Plaintiff HARLEY is, and at all times relevant hereto was, a resident of Miami Dade County, Florida.

7. Defendant United States of America, through its agency, the Department of Veteran Affairs, Veteran Administration Hospital Miami, 1201 NW 16th Street Miami, Florida.

8. Defendant United State of America, including its directors, officers, operators, administrators, employees, agents and staff at Veterans Administration Hospital Miami are hereinafter collectively referred to as Veterans Administration Hospital Miami.

9. At all time relevant to this complaint the Veterans Administration Hospital Miami held themselves out to the Plaintiff and eligible beneficiaries, as a provider of high quality health care services, with the expertise necessary to maintain the health and safety of patients like the Plaintiff.

10. At all time relevant to this Complaint, the directors, officers operators,

administrators, employees, agents and staff were employed by and/or acting on behalf of the Defendant. Furthermore the Defendant is responsible for the negligent acts of their employees and agents under respondeat superior.

11. Jurisdiction is proper under 28 U.S.C. §1346(b)(1).

12. Venue is proper under 28 U.S.C. §1402(b) in that all, or a substantial part of the acts of omission forming the basis of these claims occurred in the Southern District of Florida.

## FACTUAL ALLEGATIONS

13. Mr. Harley has endured significant mental and emotional distress and trauma as a result of his injuries.

## CAUSES OF ACTION

## COUNT I -NEGLIGENCE

14. Plaintiff HARLEY realleges and reincorporates each and every allegation above as if full set forth herein.

15. The Defendant had a duty to provide ordinary care, and to exercise that standard and degree of care and skill required of health care providers, consistent with the expertise that the defendant presented to the community at large.

16. The Defendant breached its duty of care to Mr. Harley.

17. At all times relevant to this Complaint, the defendant had a duty to hire competent operators, administrators, employees, agents, and staff in order to meet its standard of quality care of its patients, including Mr. Harley. The Defendant knew, or should have known, that the medical staff of the facility was not properly trained, and/or supervised, in a manner necessary to provide a level of care for the

Plaintiff HARLEY that met all applicable legal requirements; that demonstrated the standard and degree of care and skill required of competent health care providers; and was consistent with expertise that the Defendant presented to the community at large.

18. The defendant breached its duty by negligently hiring incompetent, inexperienced and/or unqualified operators, administrators, employees, agents and staff.

19. The Defendant had a duty to retain only competent and adequately trained operators, administrators, employees, agents, and staff in order to meet its standard of quality of care of its patients, including Mr. Harley.

20. The defendant breached its duty by negligently retaining incompetent, inexperienced, unqualified and/or inadequately trained operators, administrators, employees, agents and staff.

21. As a direct and proximate result of Defendant's negligence, Plaintiff HARLEY sustained serious and permanent personal injuries in and about his body; he has incurred medical expenses, and other damages, and will continue to incur medical expenses, and other damages in the future; he was forced to endure pain, suffering and mental anguish, and will continue to endure pain, suffering and mental anguish in the future; he has suffered a loss of the enjoyment of life, and will continue to suffer a loss of enjoyment of life in the future; he has lost wages, and will continue to lose wages in the future.

22. The acts and/or omissions set forth above would constitute a claim under the law of the State of Florida.

**COUNT II- VICARIOUS LIABILITY, RESPONDEAT SUPERIOR, OSTENSIBLE**

## AGENCY AND/OR AGENCY

23. Plaintiff HARLEY realleges and reincorporates each and every allegation above as if full set forth herein.

24. At all times relevant to the case, the directors, officers, operators, administrators, employees, agents, staff were employed by and/or acting on behalf of the Defendant.

25. At all relevant times to this complaint, the directors, officers, operators, administrators, employees, agents and staff acted within their respective capacities and scopes of employment for the Defendant.

26. The directors, officers, operators, administrators, employees, agents and staff negligently and/or recklessly, directly and proximately caused personal injury to Mr. Harley including both acts of omission and acts of commission.

27. As a direct and proximate result of Defendant's negligence, Mr. Harley sustained serious and permanent personal injuries in and about his body; he has incurred medical expenses, and other damages, and will continue to incur medical expenses, and other damages in the future; he was forced to endure pain ,suffering and mental anguish, and will continue to endure pain, suffering and mental anguish in the future; he has suffered a loss of the enjoyment of life, and will continue to suffer a loss of enjoyment of life in the future; he has lost wages, and will continue to lose wages in the future.

28. The acts and/or omissions set forth above would constitute a claim under the law of the State of Florida.

29. The Defendant is liable pursuant to 28 U.S.C. § 1346(b)(1).

## PRAYER OF RELIEF

WHEREFORE, Plaintiff MICHAEL HARLEY does hereby pray that judgment be entered in his favor and against Defendant as follows:

1. Medical expenses, lost wages, pain and suffering, future impairment, and loss of enjoyment of life totaling $5,000,000.00 and

2. Cost and attorneys fees incurred in this civil action, together with such further and additional relief at law or in equity that this Court deem proper.

Respectfully submitted,

Andrew C. Enfield, Esq.
THEODORE H. ENFIELD, P.A.
19235 Biscayne Blvd., Suite 110
Aventura, Florida 33180
Tel: 305-933-9592
Fax: 305-933-8575
ae@theodoreenfield.com

By: _____
Andrew C. Enfield
Fla. Bar # 91045


Theodore H. Enfield, Esq.
THEODORE H. ENFIELD, P.A.
19235 Biscayne Blvd., Suite 110
Aventura, Florida 33180
Tel.: 305-933-9592
Fax: 305-933-8575
T@theodoreenfield.com
Hazelzenfieldlaw@live.com

By: _____
Theodore H Enfield
Fla. Bar #256005